WILLIAM MAAS FOR THE USE AND BENEFIT OF WILLIAM
   H. WOLFE, Respondent, v. CLARENCE J. WILLBUR et al.,
   Appellants.

(170 N. W. 325.)

**Advance claims — action to determine plaintiff's title — under mortgage fore-
closure — defendant without title.**

    This is an action to determine an adverse claim to a quarter section of land.
The plaintiff has title under a mortgage foreclosure. The long answer of de-
fendant covers twelve printed pages. It shows clearly and specifically that the
plaintiff has title and defendant has no title.

Opinion filed November 30, 1918.

   Appeal from the District Court of Eddy County, Honorable *C. W.
Nuessle,* Special Judge.

   Affirmed.

   *W. H. Stutsman* and *C. R. Jorgenson,* for appellant.

   By demurring, plaintiff admits all the allegations contained in the
defendant's counterclaim, which are well pleaded. 6 Am. & Eng.
Enc. Law, 2d ed. p. 334; Cumins v. Lawrence County, 1 S. D. 158,
46 N. W. 181.

   The filing of the *lis pendens* was notice to every person dealing with
the land, subsequent to its filing. N. D. Code Civ. Proc. § 6837;
Buxton v. Sargent (N. D.) 75 N. W. 811; Multon v. Kolodzik
(Minn.) 107 N. W. 154; Wholen v. Stewart, 108 N. Y. Supp. 355;
R. R. V. Land & Invest. Co. v. Smith, 7 N. D. 236, 74 N. W. 191;
O'Toole v. Omlie, 8 N. D. 444; Niles v. Cooper, 13 L.R.A.(N.S.)
49, 107 N. W. 744; James v. Wilkinson, 2 Kan. App. 361, 42 Pac.
735; Bank v. Allen (Mich.) 86 N. W. 383; Horbock v. Potter (U.
S.) 18 L. ed. 30.

   In addition to filing *lis pendens,* defendant was in actual open and
exclusive possession of the premises at the time plaintiff claims to
have acquired title, and this occupation was notice to the world of his
claim, and precludes the claims of innocence. N. D. Code Civ. Proc.
§ 6837; Buxton v. Sargent (N. D.) 75 N. W. 811; Multon v. Kolod-
zik (Minn.) 107 N. W. 154; Wholen v. Stewart, 108 N. Y. Supp.

355; R. R. V. Land & Invest. Co. v. Smith, 7 N. D. 236, 74 N. W. 191; O'Toole v. Omlie, 8 N. D. 444; Niles v. Cooper, 13 L.R.A. (N.S.) 49, 107 N. W. 744; James v. Wilkinson, 2 Kan. 361, 42 Pac. 735; Bank v. Allen (Mich.) 86 N. W. 383; Horbock v. Potter (U. S.) 18 L. ed. 30.

The legal title to such land, obtained while in such adverse possession, cannot override the equities of the occupant. Pittyman v. Wilky, 19 Ill. 236; Wicks v. Lake, 25 Wis. 71; Philips v. Blair, 38 Iowa, 649; Niles v. Cooper, 13 L.R.A.(N.S.) 49.

The purchaser is estopped to set up title to the premises adverse to such equities. Pittyman v. Wilky, 19 Ill. 236; Wicks v. Lake, 25 Wis. 71; Philips v. Blair, 38 Iowa, 649; Niles v. Cooper, 13 L.R.A. (N.S.) 49.

The deed given, and under which title is here claimed, was executed and delivered long after the filing of the *lis pendens* and while defendant was in such open and exclusive possession, and was therefore void. N. D. Penal Code, §§ 8732, 8733; Galbrith v. Payne (N. D.) 96 N. W. 258.

The mortgage given to Maas was invalid and, therefore, Maas had no such interest as would constitute him a redemptioner. N. D. Code Civ. Proc. § 7139; N. D. Civ. Code, § 6158; 27 Cyc. 1804; Mullens v. Wimberly, 50 Tex. 457; Skinner v. Young (Iowa) 45 N. W. 889; 27 Cyc. 1822, and cases cited.

It is conceded that the rule is that where mortgagor fails to redeem within the statutory time, he loses all interest in the property. But, there is a well-recognized exception to this rule, and, under the facts and circumstances here presented, this case falls within such exception. N. D. Code Civ. Proc. § 7139; N. D. Civ. Code, § 6158; 27 Cyc. 1804; Mullens v. Wimberly, 50 Tex. 457; Skinner v. Young (Iowa) 45 N. W. 889; 27 Cyc. 1822, and cases cited.

Where the mortgagor has suffered a lapse through fraud and deception practiced upon him, or, through ignorance of his rights, or by accident, he may maintain a bill in equity to redeem. 27 Cyc. 1848; Nunan v. Locke, 36 N. W. 166; Nolan v. Dyer, 77 N. W. 786; Benson v. Benting, 59 Pac. 991.

*Sullivan & Sullivan,* for respondent.

The mortgage foreclosed was a valid one, and no redemption was

ever made from the foreclosure; the foreclosure, sale, and issuance of certificate being all regular and valid proceedings. Purcell v. Farm Land Co. 13 N. D. 327, 100 N. W. 700; Comp. Laws 1913, § 9407; State Finance Co. v. Halstenson, 17 N. D. 145.

The only person who may question the redemption made by plaintiff is the holder of the sheriff's certificate, and he is not complaining. 17 Am. & Eng. Enc. Law, 1035; 27 Cyc. 1834, 1835; Jones, Mortg. ¶ 1055 a; Clingman v. Hopkie, 78 Ill. 152; Pence v. Armstrong, 95 Ind. 191; Smith v. Jackson, 153 Ill. 399; Smith v. Mace, 137 Ill. 68; Pearson v. Pearson, 131 Ill. 464; Meyer v. Mimtonye, 106 Ill. 414; McDonald v. Beatty, 10 N. D. 511.

The acceptance of money offered for redemption is an admission of the right of the person tendering it to redeem, and effects a valid redemption even though such person was not in fact entitled to redeem. 17 Am. & Eng. Enc. Law, 1035; 27 Cyc. 1834, 1835; Jones, Mortg. ¶ 1055a; Clingman v. Hopkie, 78 Ill. 152; Pence v. Armstrong, 95 Ind. 191; Smith v. Jackson, 153 Ill. 399; Smith v. Mace, 137 Ill. 68; Pearson v. Pearson, 131 Ill. 464; Meyer v. Mimtonye, 106 Ill. 414; McDonald v. Beatty, 10 N. D. 511.

By such redemption, plaintiff was clothed with all statutory rights under the sheriff's certificate of sales. It is well settled that such is the effect of accepting and retaining money paid to redeem from sales. Carver v. Howard, 92 Ind. 173; Hare v. Hall, 41 Ark. 372; Re Eleventh Ave. 81 N. Y. 436; Freeman, Executions, 3d ed. ¶ 317; Blair v. Chamblin, 39 Ill. 521, 89 Am. Dec. 322; Hervey v. Krost, 116 Ind. 368, 19 N. E. 125; Massey v. Westcott, 40 Ill. 160; McClure v. Englehart, 17 Ill. 47; 27 Cyc. 1812; Millard v. Truax, 50 Mich. 343, 15 N. W. 501.

ROBINSON, J. This is an action to determine an adverse claim to a quarter section of land (N. E. quarter 34–133–85), and defendant Willbur appeals from a judgment against him on a demurrer to the answer. The answer shows that the plaintiff has title and that Willbur has no title to the land. It shows: In March 1912, the mother-in-law of Willbur owned the land and he owned an adjoining quarter section. He purchased the quarter section from his mother-in-law. Then by fraud and sharp practice John Johnson and N. Gillies, in-

duced Willbur to convey to them the half section in consideration of $1,000 in cash and some Tennessee land of little value.

Willbur caused his mother-in-law to convey directly to John Johnson the land described in the complaint. John Johnson at once gave to Johnson-Van Sant Company a mortgage on the land for $1,200, and a mortgage for $196. It was May 24, 1912. Then in January, 1914, John Johnson conveyed the land by warranty deed to Krain Rosholt. Then Rosholt made to Clara Johnson a mortgage for $2,-000 and she assigned the same to K. Rosholt. Krain Rosholt also mortgaged the land for $425; and in June, 1915, he made to William Maas a mortgage for $300. On June 8, 1914, the second mortgage made to John Johnson Van Sant Company was duly foreclosed and on June 8, 1915, William Maas redeemed from the mortgage foreclosure and obtained a certificate of redemption and a sheriff's deed which gave him title to the land.

Willbur then tried to rescind the sale of the land and brought an action to rescind, and went upon the land and held possession of the same since December, 1912. He avers that when the deed was made to Krain Rosholt, and at all times since then, he was in the open, notorious, and exclusive possession of the land, but that is all a matter of no consequence. Under the statute on transfers, the owner of the legal title had a perfect right to transfer and mortgage it regardless of his possession.

The answer contains not a word to impeach the mortgage that was foreclosed, nor the foreclosure of the same, nor the right of the purchaser at the sheriff's sale to permit a redemption by William Maas or to transfer to William Maas his certificate of sale. It does aver that by reason of the several transfers and mortgages, the title to the land was cloudy and defendant was prevented from redeeming and borrowing money on the land to redeem. But from the time that defendant foolishly conveyed away his title to John Johnson he never had any title on which to borrow money or to redeem. The long answer of defendant covers twelve printed pages. It shows clearly and specifically that the plaintiff has a good title and that the defendant has no title.

Judgment affirmed.

GRACE, J. I concur in the result.